JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ABIGAIL CZENSZAK

**DEFENDANTS**

BRAENDEL PAINTING AND SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff   Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Tarantino Law Firm, LLP
1500 Rand Building, 14 Lafayette Square
Buffalo, New York 14203      (716) 849-6500

Attorneys *(If Known)*
Hodgson Russ, LLP
140 Pearl Street, Suite 100
Buffalo, New York 14202      (716) 856-4000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC §206(d); 42 U.S.C. § 2000(e) et seq.

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____      DOCKET NUMBER _____

DATE
10/06/2015

SIGNATURE OF ATTORNEY OF RECORD
s/Jenna S. Strazzulla

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | |
|---|---|
| ABIGAIL CZENSZAK | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| | ) |
| BRAENDEL PAINTING AND SERVICES, INC. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BRAENDEL PAINTING AND SERVICES, INC.
2234 Niagara Falls Boulevard
Tonawanda, New York 14150

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> The Tarantino Law Firm, LLP
> Jenna S. Strazzulla, Esq.
> 1500 Rand Building
> 14 Lafayette Square
> Buffalo, New York 14203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABIGAIL CZENSZAK,

|                          | Plaintiff, | **COMPLAINT** |
|---|---|---|

v.

Civ. No.

BRAENDEL PAINTING AND SERVICES, INC.,

Defendant.

---

Plaintiff, ABIGAIL CZENSZAK, by and through her attorneys, THE TARANTINO

LAW FIRM, LLP, for her Complaint against the Defendant, alleges as follows:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"); , the

Equal Pay Act, 29 U.S.C. §206(d) ("Equal Pay Act") and the New York Human Rights Law,

("NYHRL") Executive Law §290 *et seq.* for damages arising from discrimination and retaliation

based on sex and the discriminatory terms and conditions of employment imposed by Defendant,

BRAENDEL PAINTING AND SERVICES, INC. ("BRAENDEL PAINTING"), including, without

limitation, denying her equal terms and conditions of employment, including differential treatment

with respect to wages.  This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, 28

U.S.C.§ 1331 and §1343 (4) and this Court's power to assert ancillary and pendant jurisdiction of

state law claims based on NYHRL, and pursuant to the common law of New York State.

2.     The venue of this action is properly placed in the Western District of New

York pursuant to §706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3)

and 28 U.S.C. §1391.  Plaintiff resides in this district.  Defendant is doing business in

this district, and a substantial part of the events giving rise to Plaintiff's claim occurred in this

district.

## PARTIES

3.      Plaintiff is a citizen of the United States of America, and resides in the

County of Erie, and State of New York.

4.      At all relevant times, Plaintiff was an employee as defined in 42 U.S.C.

§2000(e) (f), The Equal Pay Act, and the New York State Human Rights Law, Executive Law §290

*et seq*

5.      Upon information and belief, defendant, BRAENDEL PAINTING AND

SERVICES, INC., is a corporation incorporated under the laws the Commonwealth of Pennsylvania

and authorized to do business in the state of New York.

6.      At all relevant times, defendant, BRAENDEL PAINTING AND SERVICES,

INC. was and still is an employer as defined in  42 U.S.C. §2000(e) (b), the Equal Pay Act, and the

New York State Human Rights Law, Executive Law §290 *et seq.*

## CONDITIONS PRECEDENT TO ACTION

7.      On August 6, 2013, plaintiff filed a Charge of Discrimination with the

U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation

based on sex in violation of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964.

The Charge was cross-filed with the New York State Division of Human Rights ("NYSDHR").

8.      On March 25, 2015, the EEOC issued a determination finding that

Defendant discriminated against Plaintiff on account of her sex and in retaliation for participating

in a protected protest, in violation of Title VII and the EPA.

9.      On September 11, 2015, the EEOC issued a Notice of Right to Sue.  A

copy is attached as **Exhibit A.**

10.      Plaintiff has filed this action within 90 days of the receipt of the

2

notification of the Right to Sue from the EEOC.

## STATEMENT OF THE CASE

11.     Plaintiff was covered under the provisions of the Equal pay Act of 1963 and Title VII of t he Civil Rights Act of 1964.

12.     Plaintiff was hired by defendant Braendel as a commercial and residential painter in or around the middle of July 2012.

13.     At the time Plaintiff was hired by defendant, she had approximately thirty-five (35) years of experience as a commercial and residential painter. At the time plaintiff was hired, she had formal training and was qualified to operate various lifts, including a scissor lift.

14.     Plaintiff was hired by defendant at a rate of $11 per hour.

15.     There were several male employees that had equal or less experience than plaintiff but were earning more than plaintiff was.

16.     There were several male employees that had considerably less experience than plaintiff that were hired at the same rate of pay as plaintiff, but then those male employees received a $2 per hour raise several weeks after they were hired.

17.     Plaintiff and these male employees performed equal work on jobs requiring equal skill, effort and responsibility.

18.     Plaintiff and these male employees were on the same painting crew for several jobs during Plaintiff's employment with Defendant. In all instances, Plaintiff performed tasks that were equal to (or requiring more skill and responsibility than) her male counterparts.

19.     One of Plaintiff's assignments during her employment with defendant was on a four-man crew[1] assigned to paint two liquid gas storage tanks at the Linde plant in South Buffalo.

---

[1]The job started with a two man crew that included Plaintiff and was later expanded to a four man crew.

This was a five week job and one of defendant's biggest jobs of the season. Plaintiff was responsible for piloting the lift on the oxygen tank and spraying the epoxy. Plaintiff was the only member of the crew who walked to the top of both tanks to paint the tops.

20.     One less experienced male who was placed on the same crew as Plaintiff did not know how to perform basic tasks such as caulk and tape windows and how to paint with both hands. Plaintiff showed this male employee how to perform these tasks.

21.     Plaintiff never received a raise from the $11 per hour rate of pay she was hired at. Even after being assigned to the crew for one of the biggest and most important jobs of the season and performing satisfactorily, including doing dangerous and highly technical work, Plaintiff was not given a raise.

22.     After working for Braendel for approximately one month, and learning that several BRAENDEL PAINTING employees earned more than she, Plaintiff began to ask Mr. Catrabone for an increase in pay. Mr. Catrabone would consistently attempt to put off the conversation with Plaintiff, saying, "I can't talk about that right now. Talk to me about it on Monday." Then on Monday, Plaintiff would approach Mr. Catrabone and he would say, "See me on Friday." This continued for the entire summer.

23.     Plaintiff complained to a supervisor regarding her pay rate and the fact that several males who had equal or less experience than she were making more money than her and/or had received raises.

24.     In October 2012, Plaintiff was laid off due to the weather and/or the end of the painting season. At the time Plaintiff was laid off, she was told that the painting crew would be rehired at the start of the 2013 painting season.

25.     When the 2013 painting season began in March 2013, Plaintiff was not

4

rehired.  Every or nearly every male crew member that was laid off in October 2012 was rehired for

the start of the 2013 painting season.

26.     Plaintiff was paid approximately $6 less per hour than similarly situated male

employees for 12 weeks.

27.     After Plaintiff complained about not receiving equal pay, she was not rehired

for the 2013 painting season.

## AS AND FOR A FIRST CAUSE OF ACTION

28.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "27" as though fully set forth herein.

29.     Throughout her time as an employee of Defendant BRAENDEL

PAINTING, Plaintiff was subjected to different terms and conditions of employment than

similarly situated male employees.

30.     Plaintiff  has been subjected to a continuing course of sexual

discrimination by Defendant, its agents, servants, and/or employees.

31.     The effect of the policies and practices pursued by the Defendant as

alleged above limited, classified, and discriminated against the Plaintiff in ways which resulted in

the loss of her job and deprived her of employment opportunities and otherwise adversely

affected her status as an employee because of her sex in violation of 42 U.S.C. § 2000e *et seq.*

32.     Defendant knew or in the exercise of reasonable diligence should have

known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or

employees and took no remedial action.

33.     As a result of Defendant's actions, conduct, and omissions, including but

not limited to those described above, Defendant discriminated against Plaintiff with respect to her

5

compensation, terms, conditions, and privileges of employment constituting unlawful sex discrimination in violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

34.     Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

35.     As a direct and proximate result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

36.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

37.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

38.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SECOND CAUSE OF ACTION

39.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" as though fully set forth herein.

40.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

41.     Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

42.     Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of her sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

43.     Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

44.     As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

45.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

46.     Plaintiff has no plain, adequate, or complete remedy at law to correct

7

Defendant's employment practices.  The injunctive and other relief she seeks is her only means

of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer

irreparable injury from these unlawful employment practices.

47.     Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A THIRD CAUSE OF ACTION

48.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "47" as though fully set forth herein.

49.     As a result of these sexually offensive acts, including but not limited to

those described above, Defendant, its agents, servants, and/or employees, created a hostile

working environment in which Plaintiff was intimidated, harassed, and undermined in her

attempts to succeed.

50.     Throughout Plaintiff's employment with Defendant, Plaintiff brought the

above described unlawful conduct to the attention of several human resources personnel.

51.     As a result, Defendant knew or through the exercise of reasonable

diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its

agents, servants, and/or employees and took no remedial action.

52.     The effects of this hostile working environment were so severe and

pervasive that it affected the terms, conditions, and privileges of the Plaintiff's employment,

constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights

Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the

provisions of § 706 of Title VII Of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

2000e-5(g).

53.     Defendant's wrongful acts, conduct, and omissions were intentional and

wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

54.     As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

55.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

56.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

57.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A FOURTH CAUSE OF ACTION

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "57" as though fully set forth herein.

59.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

60.     During the course of Plaintiff's employment, Defendant, its agents,

servants, and/or employees subjected Plaintiff to unwelcome comments, insults and other

sexually offensive conduct thus creating a hostile work environment and engaged in a knowing,

intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the

Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

      61.    Defendant's wrongful acts, conduct, and omissions, including but not

limited to those described above, were willful and wanton and done with a reckless disregard of

Plaintiff's rights under the Human Rights Law of the State of New York.

      62.    As a result of Defendant's actions, conduct, and omissions, including but

not limited to those described above, Plaintiff incurred damages, including but not limited to lost

back and future wages and employee benefits, lost employment opportunities, mental anguish,

severe emotional distress, and embarrassment.

      63.    As a result of Defendant's wrongful acts, conduct, and omissions,

including but not limited to those described above, Plaintiff has been damaged in the amount of

$3,000,000.

      64.    Plaintiff has no plain, adequate, or complete remedy at law to correct

Defendant's employment practices.  The injunctive and other relief she seeks is her only means

of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer

irreparable injury from these unlawful employment practices.

      65.    Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A FIFTH CAUSE OF ACTION

      66.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "65" as though fully set forth herein.

      67.    Defendant BRAENDEL PAIINTING treated Plaintiff adversely because

she complained of and opposed unlawful discriminatory practices by Defendant.

68.     As a result of Defendant BRAENDEL PAINTING's actions, conduct, and omissions, including but not limited to those described above, Defendant has discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment and in retaliation for complaining and opposing unlawful discriminatory practices by Defendant in violation of § 707 of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-(3), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

69.     Defendant BRAENDEL PAINTINGS's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of §102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

70.     As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

71.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

11

72.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil

Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

73.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. §

1981a(c), Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A SIXTH CAUSE OF ACTION

74.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "73" as though fully set forth herein.

75.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §

1367(a).

76.     During the course of Plaintiff's employment, Defendant, its agents,

servants, and/or employees treated Plaintiff adversely because of her sex and in retaliation for her

complaints and opposition to unlawful discriminatory conduct and engaged in a knowing,

intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the

Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

77.     Defendant discriminated against Plaintiff with respect to compensation,

terms, conditions, and privileges of employment and because of her sex and in retaliation for her

complaints and opposition to unlawful discriminatory conduct and in violation of the Human

Rights Law of the State of New York, Executive Law § 290 *et seq.*

78.     Defendant's wrongful acts, conduct, and omissions, including but not

limited to those described above, were willful and wanton and done with a reckless disregard of

Plaintiff's rights under the Human Rights Law of the State of New York.

79.     As a result of Defendant's actions, conduct, and omissions, including but

not limited to those described above, Plaintiff incurred damages, including but not limited to lost

back and future wages and employee benefits, lost employment opportunities, mental anguish, embarrassment, and emotional distress.

80.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

81.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

82.     Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SEVENTH CAUSE OF ACTION

83.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "82" as though fully set forth herein.

84.     At all relevant times herein, Plaintiff was an employee protected by the Equal Pay Act, 29 U.S.C. § 206 *et seq.*

85.     During Plaintiff's employment, Defendant, BRAENDEL PAINTING required Plaintiff to perform the same or substantially the same job as other male employees, including, but not limited to Christopher Brown and Harry Muniez, requiring equal skill, effort and responsibility under similar working conditions at the same establishment and paid Plaintiff at a rate less than such male employees.

86.     The differential rate of pay was not part of or occasioned by a seniority system, merit system, a system based on the quantity or quality of production or upon a factor other than sex.

13

87.     Defendant BRAENDEL PAINTING is engaged in policies and practices of employment which willfully, and in the alternative, unwillfully, discriminated against Plaintiff on the basis of sex by paying Plaintiff a lesser rate of pay than that paid to male employees performing the same or substantially similar job duties which require equal skill, effort, and responsibility, and under the same working conditions.

88.     All of the above acts of the Defendant violate 29 U.S.C. § 206 *et seq.*

89.     Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means of securing full relief from those practices.  Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

90.     As a direct and proximate result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the sum of $3,000,000.

91.     Plaintiff is entitled to reasonable costs and attorneys' fees.

92.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C., Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

1.     For the First and Third, Fifth and Sixth Causes of Action, Plaintiff demands judgment against Defendant, BRAENDEL PAINTING AND SERVICES, INC. as follows:

a.     For recovery of $3,000,000 against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental aguish, emotional distress, and

14

embarrassment in an equal amount as liquidated damages, and compensatory damages and for

punitive damages together with interest as a result of Defendant's discrimination against

Plaintiff;

      b.     For the recovery of costs and counsel fees as provided by statute;

      c.     For trial by jury on all triable issues; and

      d.     For such other and further relief as the Court may deem just, fit,

and proper.

      2.     On the Second, Fourth and Sixth Causes of Action, Plaintiff demands

judgment against Defendant, BRAENDEL PAINTING AND SERVICES, INC. as follows:

      a.     For the recovery of $3,000,000 against Defendant as actual

damage for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss

of future pension, social security, and other past and future benefits, mental anguish, emotional

distress and embarrassment in an equal amount as liquidated damages, and compensatory

damages, together with interest as a result of Defendant's discrimination against Plaintiff;

      b.     For trial by jury on all triable issues; and

      c.     For such other and further relief as the Court may deem just, fit,

and proper.

Dated:  Buffalo, New York
      October 6, 2015            Respectfully submitted,

                                */s/ Jenna S. Strazzulla*
                                Jenna S. Strazzulla, Esq.
                                The Tarantino Law Firm, LLP
                                Attorneys for Plaintiff, Abigail Czenszak
                                1500 Rand Building, 14 Lafayette Square
                                Buffalo, New York  14203
                                (716) 849-6500
                                jstrazzulla@tarantinolaw.com

# EXHIBIT A

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Abigail Czenszak**
**352 Ideal Avenue**
**Buffalo, NY 14206**

From:  **Buffalo Local Office**
**6 Fountain Plaza**
**Suite 350**
**Buffalo, NY 14202**

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **525-2013-00765** | **Jeremy M. Boyd,** Investigator | **(716) 551-3355** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*

**John E. Thompson,**
**Local Office Director**

SEP 11 2015

*(Date Mailed)*

Enclosures(s)

cc:  **BRAENDEL PAINTING & SERVICES, INC.**
**c/o Melanie J. Beardsley**
**HODGSON RUSS, LLP**
**The Guaranty Building**
**140 Pearl Street, Suite 100**
**Buffalo, NY 14202**

### FACTS ABOUT FILING
### AN EMPLOYMENT DISCRIMINATION SUIT
### IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Erie, Genesee, Niagara, Orleans and Wyoming. (716) 551-1700
http://www.nywd.uscourts.gov

The United States District Court for Rochester New York covers the counties of Chemung, Livingston, Monroe, Ontario, Schuyler, Seneca, Steuben, Wayne & Yates. (585) 613-4000

The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500
http://www.nynd.uscourts.gov

The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136
http://www.nysd.uscourts.gov

The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 httpllwww.nyeduscourts.gov

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.